MARY LEWIS, PETITIONER-APPELLANT, v. MICHAEL WARD, RESPONDENT-RESPONDENT.

Essex County Court
Law Division

Decided November 13, 1956.

*Mr. Fred Freeman* (*Mr. Seymour B. Jacobs* appearing), attorney for petitioner-appellant.

*Mr. Herman M. Wilson,* attorney for respondent-respondent.

WAUGH, J. C. C.   This is an appeal from an order entered by the Deputy Director, in the Workmen's Compensation Division, granting a motion to dismiss the claim petition. The dismissal was entered at the close of petitioner's factual presentation and before any medical proofs were adduced.

Petitioner was employed by the respondent, in the latter's home, as a domestic, on the basis of one day a week, at a rate of $8 per day, plus 20 cents for carfare and one meal to be supplied by respondent.   The hours of employment were from 7:30 A. M. to 3:30 P. M.

According to petitioner's testimony, the actual cost of carfare to and from respondent's home was in excess of 60 cents.   When she informed the respondent of the actual cost, the respondent said nothing and did not increase the carfare payments.

It appears that on October 20, 1955, for the second time in approximately three years of employment, the respondent drove the petitioner to the latter's home at the close of the day.   It was on this occasion, while petitioner was getting out of the respondent's automobile, that the petitioner closed the automobile door on her own right thumb, causing a painful injury.

The general rule regarding accidents occurring while the employee is traveling to and from his employer's place of business, is that such accidents and resulting injuries do not arise out of or in the course of employment and, hence, are not compensable.   *Moosebrugger v. Prospect Presbyterian Church of Maplewood,* 12 *N. J.* 212 (1953) ; *Bobertz v. Board of Education of Hillside Township,* 134 *N. J. L.* 444 (*Sup. Ct.* 1946).

Petitioner contends that the dismissal below was erroneous on two grounds, namely, (1) that where an employee is paid transportation costs in full or in part, in addition to salary, or (2) where the employer directs the employee to ride in either his or another's vehicle, these factors give rise to exceptions to the "going and coming" general rule of no liability.

The second of the two grounds urged by the petitioner can be disposed of briefly. The record does not, in the opinion of this court, support the argument that the petitioner was ordered by the respondent to ride in the latter's automobile. The only fair inference is that the petitioner was offered a ride and that respondent was impatient to get started. The record does not support the petitioner's contention of an order or command by the employer which is essential to bring the case within the cases cited by the petitioner on page 7 of his brief.

The other ground urged by the petitioner is that payment of transportation costs, in full or in part, places the petitioner's case within one of the exceptions to the "going and coming" rule.

The exceptions in New Jersey, to the "going and coming" rule referred to in the majority opinion in the *Moosebrugger* case, cited *supra,* and set forth in the minority opinion, 12 *N. J.,* at *page* 218, are as follows:

" '(1) Where Transportation is Furnished by the Employer to and from the Place of Employment.' *Rubeo v. Arthur McMullen Co., supra* [117 *N. J. L.* 574]. '(2) Where the Use of an Automobile or Other Form of Vehicle is Required in the Performance of the Contract of Service.' *Demerest v. Guild,* 114 *N. J. L.* 472, 476 (*E. & A.* 1935). '(3) Traveling Salesmen and Others Whose Duties Require Them to Travel from Place to Place.' *Geltman v. Reliable Linen & Supply Co., supra* [128 *N. J. L.* 443]. '(4) Necessary Travel While on Special Duty After Regular Working Hours.' *Bobertz v. Board of Education of Hillside Twp., supra.*"

Although an exception is made to the general rule in those instances where the employer furnishes transportation to and from the place of employment, nevertheless, no exception is

made where the employer provides transportation costs, as counsel for petitioner suggests.

The court notes that in one of the travelling salesman cases, *Geltman v. Reliable Linen & Supply Co.*, 128 *N. J. L.* 443 (*E. & A.* 1942), the employee there was given a "weekly sum * * * in addition to his wages to cover 'operating expenses.'" The decision in the *Geltman* case did not turn upon this narrow issue, but rather on the question of whether the accident arose out of or in the course of the employment.

Professor Larsen, in 1 *Workmen's Compensation Law,* treats the subject of payment for expense of travel at *page 229, § 16.30,* as follows:

"This factor, which is often lumped together with payment for time of travel, is not quite the same. Suppose, for example, that Mrs. A pays her cook twenty dollars a week plus one dollar with which to buy a street-car pass, while Mrs. B pays her cook twenty-one dollars, out of which one dollar is destined to go for a pass, although it is not so labeled in the agreement for compensation. This technical difference in the name of the payment surely should not thrust upon Mrs. A a liability which extends throughout the street-car journey, while relieving Mrs. B of the same liability. Yet this is what would happen under the often-heard generalization that whenever the employer pays or reimburses the employee for travel expense the travel becomes part of the employment. It should be apparent that, in some cases at least, the transportation allowance is merely a form of added compensation.

However, in the majority of cases applying this rule, the result is correct, because usually when the subject of transportation is singled out for special consideration it is because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed."

And, at *page 232,* as follows:

"With this caveat, the general holding that payment for transportation usually extends the course of employment can be taken as well established; but it should be limited to those cases in which it can also be said that the unusual distance to and from work makes the travel a substantial part of the service."

This court comes to the conclusion that under the facts in this case the payment of 20 cents for carfare was merely an additional compensation and nothing more.

The petition is, therefore, dismissed.